**Albert HAMBURG and Wanda J. Hamburg, Appellants (Defendants below),**

v.

**Marvin E. JONES and Lucile M. Jones, Appellees (Plaintiffs below).**

**No. 4191.**

Supreme Court of Wyoming.

June 8, 1973.

Rehearing Denied June 18, 1973.

Albert Hamburg, pro se.

Donald E. Jones, Torrington, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

PER CURIAM.

Marvin E. and Lucile M. Jones, plaintiffs, filed a complaint against Albert and Wanda J. Hamburg, defendants, for reformation of a deed to land formerly sold by plaintiffs to defendants. Albert Hamburg, acting pro se, filed an answer obviously intended to be a denial, reciting various matters and occurrences relating to the land sale and including what purported to be a counterclaim for $15,000 damages because of "mental torment and worry to * * * Wanda J. Hamburg." This filing was denominated Answer to Complaint and Request for Jury Trial, but the body of the instrument made no reference to a request for jury trial. Even so, the parties and the court thereafter treated the cause as if a request for jury trial had been made, plaintiffs subsequently moving to strike the request, which motion was coupled with a request for summary judgment against defendants on the counterclaim. Following hearing on the motion, the court entered "Order Striking Request for Jury Trial and Summary Judgment," from which defendants have appealed, arguing generally, without citation of authority except for mention of the seventh and fourteenth amendments of the Constitution of the United States, that they were being deprived of their right to jury trial, due process, and equal protection.

As the above outline of proceedings indicates and as the record bears out, there was no final disposition of the controversy in the trial court. Although the summary judgment is somewhat amorphous, it must be read in conjunction with the motion to strike, which sought summary judgment *only* as to the counterclaim. The issue raised in the complaint has not been decided, and the only final disposition in the case is the dismissal of the counterclaim.[1] It is settled beyond question that an order striking a demand for jury trial is not a final order and is not appealable.

Appeal dismissed.

[1]. The trial court did not determine under Rule 54(b), W.R.C.P., that there was no just reason for delay.